[No. 3513.]

Jim Moore v. The State.

New Trial.— Newly Discovered Evidence may entitle a defendant to a new trial notwithstanding it has no pertinency to the issue of guilty or not guilty; as, for instance, if it shows that the conviction is for a higher grade of the alleged offense than the defendant is legally amenable for. See this case in illustration.

Appeal from the District Court of Houston.    Tried below before the Hon. F. A. Williams.

The indictment charged the theft of property worth more than $20, and therefore a felonious theft, and the jury found him guilty as charged, and assessed his punishment at five years in the penitentiary.

The opinion of this court sufficiently exhibits the proof on which the grade of offense was found by the jury, and also the newly discovered evidence upon which, if the defense could have produced it at the trial, the jury would have been authorized and likely to have convicted for a misdemeanor only.

*Cooper & Moore* filed an able brief and argument in behalf of the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge.   In this case the value of the property alleged to have been stolen was a material and contested issue.    Four hogs, of the alleged value of $6.25 each, were the subject of the theft charged in the indictment.    Witnesses for the State testified that the four hogs were about the same size,— would weigh about one hundred and twenty-five pounds each,— were range hogs, about fifteen months old; were in good order but not fat; were worth, some said, $6.25, some said, $5 each; that pork was worth, at the time and place the hogs were taken, five cents per pound; that they had not weighed said hogs or any portion thereof, but merely guessed at their weight; that their estimate of the value of said hogs was arrived at by guessing at their weight, and by rating the pork they would make at five cents per pound.

Appellant's motion for a new trial, upon the ground of newly discovered evidence, showed by accompanying affidavits that he could prove that one-half of one of said hogs, less half the head, had been

weighed, and weighed only twenty-seven and a half pounds, and that the market value of pork at the time and place said hogs were taken was four cents per pound. It was shown that reasonable diligence had been used in behalf of appellant to discover and obtain this evidence before the trial, or at least to discover and obtain that portion of it as to the weight of the one-half of one of the hogs. That this newly discovered evidence as to the weight of the hogs is material there is no question in our minds. If it be of a character which the jury would credit, it would most probably produce a different verdict on another trial.

We think the motion for a new trial, upon this ground, meets the requirements of the law. And the truth of the causes therein set forth not having been controverted by the State, the court should have granted the new trial. (Code Crim. Proc., art. 777, subdiv. 6; art. 781.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered May 13, 1885.]